### CARREY v. SPENCER et al.

(Supreme Court. Special Term, Kings County. December, 1895.)

1. CONSTITUTIONAL LAW—INTERSTATE COMMERCE.
   Laws Tenn. 1891, c. 52, providing for the separate accommodation of the white and colored races on railroad trains, so far as it applies to interstate passengers, violates the interstate commerce clause of the federal constitution.

2. RECEIVERS—LIABILITY IN ANOTHER STATE.
   Receivers of a foreign railroad company, appointed by the circuit court of the United States in such foreign state, may be sued in the courts of New York, where permission was granted to sue them here by the court appointing them.

Action by Ella Carrey against Samuel Spencer, Henry Finck, and Charles M. McGhee, as receivers of the East Tennessee, Virginia & Georgia Railroad Company. Judgment for plaintiff.

E. F. & E. G. Bullard, for plaintiff.
Semple & Semple, for defendant.

BARTLETT, J. The plaintiff is a colored woman. In December, 1892, she purchased a ticket from the Pennsylvania Railroad Company entitling her to a first-class passage over the route of that company and connecting lines, from New York to Knoxville, Tenn. One of those connecting lines was the East Tennessee, Virginia & Georgia Railroad, then being operated by the defendants, as receivers, under an order of the circuit court of the United States for the Eastern district of Tennessee. When the train arrived at or near the boundary of that state, Mrs. Carrey and her three children were compelled, in the middle of the night, to leave the first-class car in which they had traveled from Lynchburg, Va., and to make the remainder of the journey to Knoxville in what is known as a "jim crow car." This is a car divided into two portions by means of a partition; one portion of the car being intended for white persons, and the other for colored persons. Mrs. Carrey testifies that she was put into the part where smoking was permitted; that there were no other women there, the only occupants being white and black men; and that the car was filthy and dirty. That this was not such transportation as she had the right to demand under her ticket, is too plain for argument. It is equally plain to my mind, from the evidence, that she was forcibly constrained to change from the first-class to the jim crow car, in which she had to travel about $3\frac{1}{2}$ hours before reaching her destination. The defendants seek to justify the action of the conductor in requiring her to make the change by reference to an act of the Tennessee legislature passed in 1891, being chapter 52 of the Acts of that year. This statute is entitled "An act to promote the comfort of passengers on railroad trains by requiring separate accommodations for the white and colored races." It provides, in substance, that all railroads in Tennessee, except street railroads, shall furnish equal but separate accommodations for the white and colored races, either by providing two or more passenger cars for each passenger train, or by dividing the passenger cars by a partition, so as to secure separate accommodations. Conductors are empowered and required to assign passengers to the car or portion of a car intended for the race to which such passengers belong, and may refuse to carry them if they decline to obey the direction. Finally, it is made a misdemeanor for any corporation or conductor to fail or refuse to carry out the provisions of the act. Such legislation as this has been upheld where it applies only to railroad trains running from one point to another within the limits of the state by which the law is enacted. In its application, however, to a passenger journeying from one state to another upon an interstate railroad line, it is clearly an invasion of the powers conferred upon congress by the commerce clause of the constitution. Louisville, N. O. & T. Ry. Co.

v. State, 133 U. S. 587, 10 Sup. Ct. 348; Hall v. De Cuir, 95 U. S. 485. The plaintiff was an interstate passenger, and the defendants, by authorizing the Pennsylvania Railroad Company to sell the ticket which entitled her to a first-class passage over their line, recognized her as such. They violated their obligation to furnish her with the stipulated transportation by compelling her to travel in a car which cannot be regarded as first class, in any admissible interpretation of that term. The Tennessee statute affords no legal justification for their course in this respect, and the plaintiff is entitled to recover damages, if receivers are liable in the courts of this state. I think they are thus liable, in view of the fact that the court by which the receivers were appointed has expressly granted leave to the plaintiff to sue them here. Judgment for the plaintiff in the sum of $500 damages, with costs.